RULEY, JUDGE:
Claimant is a piano tuner technician who seeks $102.00 for work performed under a contract with the West Virginia State College at Institute, West Virginia. This dispute arose out of the differing interpretations of the contract. This contract states that it is for furnishing “all labor, materials and equipment necessary to tune and maintain in good working condition the pianos . . .” and lists various “minor repairs, adjustments and regulations.” However, the last page of the contract lists a price of $24.00 per piano for tuning alone. The claimant testified that he understood that any work beyond tuning would not be included in the $24.00 price, particularly when it would not be possible in advance to determine how much work a specific instrument might need. He stated that the items listed on the contract were simply types of work that he believed the respondent wanted him to perform. The respondent claims that all work was included in the contract price.
The Court has reviewed the contract in question and finds that it is, by its terms, ambiguous. Nowhere in the contract does it state that “minor repairs, adjustments and regulations” are part of the $24.00 base price. As the claimant testified, some of the “minor repairs” can be expensive. Inasmuch as the *451 claimant performed work beyond tuning, it would be inequitable not to compensate him for that work.
Award of $102.00.